UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANTHONY C. KENNEY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-931-W |
| | ) | |
| SSA ODAR HEARING et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Anthony C. Kenney, appearing pro se and seeking leave to proceed *in forma pauperis*, has initiated the present action seeking judicial review of an unfavorable decision of the Commissioner of the Social Security Administration ("SSA"). United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). Because venue is lacking in this action, the Court should order dismissal of the matter without prejudice.

### I. Plaintiff's Complaint

Liberally construed, Plaintiff's Complaint and supporting documents are most reasonably understood as seeking judicial review of a final decision of denial of benefits from the SSA pursuant to 42 U.S.C. § 405(g). *See* Compl. (Doc. No. 1) at 1 ("APPEALING NOTICES OF APPEAL RIGHTS SINCE 2009 DEN[Y]ING BENEFITS[]"); Pl.'s First Mem. (Doc. No. 2) at 1-2 ("CLIENT ARGUES . . . THE MISUSE OF ATTORNEYS AND OTHER AVERSION TO ANYONE MEDICAL CLAIM DISABILIT[I]ES EVEN XZAMING OVER AND OVER TO THE SAME INJURYS PROLONGING INJURY CAPACITY ARE A MISUSE"); Pl.'s Second Mem.

(Doc. No. 3) at 1-2 ("Plaintiff . . . appealing for the 3rd time from the appeal council office of disability adjudication and review . . . and the SSA ODAR hearing office ste 450 2 w 2nd st Tulsa ok 74103 to the Judges who only harass physical participation to litig[a]nts actual claim benefits.").

## II. Venue

Because Plaintiff has filed an application seeking leave to proceed *in forma pauperis* on this appeal, the undersigned is obligated to conduct an initial review of Plaintiff's Complaint and to dismiss the Complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Doc. No. 4; 28 U.S.C. § 1915(e)(2). Pursuant to this duty, the Court may consider sua sponte whether proper venue is lacking "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (internal quotation marks omitted); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 787 (10th Cir. 2010) ("The district court may properly consider personal jurisdiction and venue on a § 1915 screening . . . .").

Section 405(g) specifies the requirements for a claimant to obtain judicial review of a final decision of the Commissioner, including in relevant part that "[s]uch action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business." 42 U.S.C. § 405(g). This requirement specifies the "appropriate venue" for appeal of a final SSA decision. *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).

Plaintiff expressly and repeatedly represents in his filings that he resides in Tulsa, Oklahoma. *See* Compl. at 1; Pl.'s First Mem. at 1; Pl.'s Second Mem. at 1; Pl.'s App. to Proceed *In Forma Pauperis* at 1, 5. The "appropriate venue" for this Social Security appeal therefore lies in the United States District Court for the Northern District of Oklahoma, the judicial district where Tulsa, Oklahoma is located. *See Salfi*, 422 U.S. at 764; 28 U.S.C. § 116(a); 42 U.S.C. § 405(g). Further, Plaintiff's filings indicate that the SSA hearing upon which the challenged final decision was predicated took place in Tulsa, Oklahoma, which would support venue in the United States District Court for the Northern District of Oklahoma to the extent that Plaintiff's Complaint includes claims other than an appeal of denial of Social Security benefits. *See* Pl.'s Second Mem. at 1; *cf.* 28 U.S.C. § 1391(b)(2) (prescribing that venue in a federal civil action generally lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Accordingly, the Court "shall dismiss" this case or, "if it be in the interest of justice, transfer" this case to the United States District Court for the Northern District of Oklahoma. *See* 28 U.S.C. § 1406(a); *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010) ("Any party, or the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice.").

Here, the Court should dismiss the action rather than exercise its discretion to transfer the action to another judicial district. The matter has been pending in this Court for only a short while and Plaintiff has paid no filing fee. Dismissal thus would cause no

undue prejudice to Plaintiff and would allow for possible amendment and refiling of his action in a proper judicial district. *See Trujillo*, 465 F.3d at 1217 (noting that dismissal upon screening is appropriate where plaintiff cannot allege facts to support venue); *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (upholding sua sponte dismissal of action for improper venue pursuant to 28 U.S.C. §§ 1406(a) and 1391(b) when "the district court found no basis whatsoever for venue," there was no identifiable statute of limitations issue, and the district court informed the plaintiff of the appropriate district to hear his complaints).

An initial inquiry into the merits of Plaintiff's claims indicates that a transfer predicated upon Plaintiff's current filings would prove futile and, consequently, would not "be in the interest of justice." *See* 28 U.S.C. § 1406(a); *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). "[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh*, 210 F.3d at 1150. As has been noted by the Tenth Circuit, Plaintiff is subject to "certain restrictions on his ability to bring additional actions" in the United States District Court for the Northern District of Oklahoma. *Kenney v. Oklahoma*, 601 F. App'x 761, 761 (10th Cir. 2015). Specifically, Plaintiff has been sanctioned by the United States District Court for the Northern District of Oklahoma and, in most instances, must comply with detailed requirements when submitting a pro se proposed civil pleading to that court for filing. *See In re Anthony C. Kenney*, Gen. Order No. GO-10-8 (N.D. Okla. Oct. 25, 2010); *In re Kenney*, No. 4:11-mc-14-CVE-FHM (N.D. Okla. filed May 24, 2011).

4

These requirements include an accompanying statement made under penalty of perjury that speaks to: the pleading's legal basis, assistance received by Plaintiff in preparing the pleading, and witnesses and supporting documentation. *In re Anthony C. Kenney*, Gen. Order No. GO-10-8, at 1-2. Plaintiff's Complaint in this Court is accompanied by no such statement and therefore would be "doomed" if transferred to the Northern District of Oklahoma. *See Haugh*, 210 F.3d at 1150.

Plaintiff's Complaint is also "doomed" because the pleading fails to state a claim upon which relief could be granted, as it does not include "enough facts to state a claim to relief that is plausible on its face." *See* Compl.; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Complaint's few assertions of wrongdoing are nonsensical, do not stand as a "short and plain statement of the claim," and are not sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Twombly*, 550 U.S. at 555 (footnote, citation, and internal quotation marks omitted); Compl. at 1; Fed. R. Civ. P. 8(a)(2), 12(b)(6). Bare legal conclusions such as Plaintiff's are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III. Conclusion

Accordingly, this cause of action should be dismissed, without prejudice to its refiling in the proper judicial district (in accordance with the restrictions imposed upon Plaintiff in that judicial district), pursuant to 28 U.S.C. § 1406(a). *See* 28 U.S.C. § 1406(a); *Johnson*, 233 F. App'x at 853-54; *Haugh*, 210 F.3d at 1150; *cf.* Fed. R. Civ. P.

5

41(b); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." (internal quotation marks omitted)).

## RECOMMENDATION

Based upon these considerations, the undersigned recommends that this action be dismissed without prejudice for improper venue.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 14, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 23rd day of September, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE